OPINION — AG — 26 O.S. 1961 442 [26-442] DOES NOT PROHIBIT THE SALE ON AN ELECTION DAY OF 3.2 BEER FOR CONSUMPTION ON THE PREMISES OF A TAVERN LOCATED WITHIN ONE HALF MILE OF A VOTING PLACE. IT SHOULD, HOWEVER, BE POINTED OUT THAT THE CONCLUSIONS REACHED HEREIN DO NOT BAR LAW ENFORCEMENT OF THAT PART OF SECTION 442 PERTAINING TO "ANY PERSON WHO SHALL ATTEND AN ELECTION OR BE UPON THE GROUNDS NEAR AN ELECTION IN AN INTOXICATED CONDITION". THE SAME REASONING SHOULD BE APPLIED HERE AS OKLAHOMA COURT OF CRIMINAL APPEALS APPLIED IN THE CASE OF ASHCRAFT V. STATE, 98 P.2d 60, IN RECONCILING THE QUESTION OF WHETHER A PERSON COULD BE CONVICTED OF DRIVING AN AUTOMOBILE WHILE UNDER THE INFLUENCE OF INTOXICATING LIQUOR WHEN THE EVIDENCE SHOWED HE HAD BEEN DRINKING ONLY 3.2 BEER, WHICH HAD BEEN DEFINED BY THE LEGISLATURE AS NON INTOXICATING. THE COURT HELD IN THE SYLLABUS OF THE OPINION: "UNDER THIS STATUTE IT WAS THE INTENTION OF THE LEGISLATURE TO PUNISH THOSE WHO WERE IN FACT 'UNDER THE INFLUENCE OF INTOXICATING LIQUOR', WHETHER IT BE CAUSED FROM DRINKING BEER WITH AN ALCOHOLIC CONTENT OF 3.2 PERCENT, OR LIQUOR IN EXCESS THEREOF". CITE: 37 O.S. 1961 211-244 [37-211] — [37-244], 37 O.S. 1961 163.1-163.21 [37-163.1] — [37-163.21], 37 O.S. 1961 163.1 [37-163.1], ARTICLE I, SECTION 7 (CHARLES OWENS)